# EXHIBIT 3
# to NOTICE OF REMOVAL

# FORR, STOKAN, HUFF, KORMANSKI & NAUGLE



ATTORNEYS AT LAW
1701 FIFTH AVENUE
ALTOONA, PA 16602-2319
TELEPHONE: (814) 946-4316
FAX: (814) 946-9426

**Partners:**
R. THOMAS FORR, JR.
WILLIAM J. STOKAN
JAMES R. HUFF, II
TRACI L. NAUGLE

JOHN F. SULLIVAN (1932-2014)
JOEL M. KORMANSKI (1962-2011)

**Associates:**
MARY ANN PROBST
GREGORY S. OLSAVICK
DONALD J. BYRNES

August 29, 2017

Esurance Insurance Company
Corporate Headquarters
650 Davis Street
San Francisco, CA  94111

> Re:  Professional, Inc. d/b/a Professionals Auto Body v. First Choice Auto Insurance Company, et al

To Whom It May Concern:

Please find enclosed a copy of the Complaint filed in the above-captioned matter with the Blair County Prothonotary. Pursuant to the Pennsylvania Rules of Civil Procedure this constitutes service upon your company of the same. You should contact an attorney immediately to discuss any relevant deadlines for response.

Thank you for your attention to this matter.

Sincerely,

Traci L. Naugle, Esquire



# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ BLAIR _____ **County**

| For Prothonotary Use Only: |
|---|
| Docket No: 2017 GN 2300 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Transfer from Another Jurisdiction
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking

**Lead Plaintiff's Name:**
Professional, Inc.

**Lead Defendant's Name:**
First Choice Auto Insurance Company

**Are money damages requested?** ☒ Yes   ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes   ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney: Traci L. Naugle, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- ☒ Other:
  Quantum Meruit/Breach of Contract

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

PROFESSIONAL, INC. d/b/a,  :
PROFESSIONALS AUTO BODY  :
   :
      Plaintiff  :
   :
    VS.  :  NO.  2017 GN _____
   :
   :
FIRST CHOICE AUTO INSURANCE COMPANY  :
21ST CENTURY INSURANCE COMPANY  :  CIVIL ACTION - LAW
AAA MID-ATLANTIC INSURANCE  :
AGENCY INSURANCE COMPANY OF MARYLAND  :
AIG PROPERTY CASUALTY COMPANY  :
ALLSTATE INSURANCE COMPANY  :  JURY TRIAL DEMANDED
CINCINNATI INSURANCE COMPANY  :
DONEGAL MUTUAL INSURANCE COMPANY  :
ENCOMPASS HOME AND AUTO INSURANCE CO.  :
ESURANCE  INSURANCE COMPANY  :
FARMERS INSURANCE EXCHANGE  :
GEICO INDEMNITY COMPANY  :
GOODVILLE MUTUAL CASUALTY COMPANY  :
HARLEYSVILLE INSURANCE COMPANY  :
HARTFORD CASUALTY INSURANCE COMPANY  :
HORACE MANN INSURANCE COMPANY  :
KEMPER FINANCIAL INDEMNITY COMPANY  :
LIBERTY MUTUAL INSURANCE COMPANY  :
METROPOLITAN GENERAL INSURANCE COMPANY :
MMG INSURANCE COMPANY  :
MOTORISTS MUTUAL INSURANCE COMPANY  :
MUTUAL BENEFIT INSURANCE COMPANY  :
NATIONAL GENERAL INSURANCE COMPANY  :
NATIONWIDE GENERAL INSURANCE COMPANY  :
PENN NATIONAL SECURITY INSURANCE CO.  :
PROGRESSIVE CASUALTY INSURANCE COMPANY :
SAFE AUTO INSURANCE COMPANY  :
SAFECO INSURANCE COMPANY OF AMERICA  :
STATE AUTO MUTUAL INSURANCE COMPANY  :
STATE FARM MUTUAL AUTOMOBILE INSURANCE :
COMPANY  :
TRAVELERS PROPERTY CASUALTY INSURANCE  :
COMPANY  :
USAA CASUALTY INSURANCE COMPANY  :

      Defendants

## NOTICE

You have been sued in Court.   If you wish to defend against the claims set forth in the following pages, you must take action within **TWENTY (20) DAYS** after this **COMPLAINT** and **NOTICE** are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.   You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the **COMPLAINT** or for any other claim or relief requested by the Plaintiff.   You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

MIDPENN LEGAL SERVICES, INC.
205 Lakemont Park Boulevard, Lakemont
Altoona, PA 16602
1-800-326-9177

Traci L. Naugle, Esquire
Forr, Stokan, Huff, Kormanski & Naugle
Attorneys at Law
1701 Fifth Avenue
Altoona, Pa.   16602
(814) 946-4316
State I.D. #92819

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

PROFESSIONAL, INC. d/b/a,                          :
PROFESSIONALS AUTO BODY                            :
                                                   :
          Plaintiff                                :
                                                   :
                                                   :
VS.                                                :   NO.   2017 GN _____
                                                   :
                                                   :
FIRST CHOICE AUTO INSURANCE COMPANY                :
21ST CENTURY INSURANCE COMPANY                     :   CIVIL ACTION - LAW
AAA MID-ATLANTIC INSURANCE                         :
AGENCY INSURANCE COMPANY OF MARYLAND               :
AIG PROPERTY CASUALTY COMPANY                      :
ALLSTATE INSURANCE COMPANY                         :   JURY TRIAL DEMANDED
CINCINNATI INSURANCE COMPANY                       :
DONEGAL MUTUAL INSURANCE COMPANY                   :
ENCOMPASS HOME AND AUTO INSURANCE CO.              :
ESURANCE  INSURANCE COMPANY                        :
FARMERS INSURANCE EXCHANGE                         :
GEICO INDEMNITY COMPANY                            :
GOODVILLE MUTUAL CASUALTY COMPANY                  :
HARLEYSVILLE INSURANCE COMPANY                     :
HARTFORD CASUALTY INSURANCE COMPANY                :
HORACE MANN INSURANCE COMPANY                      :
KEMPER FINANCIAL INDEMNITY COMPANY                 :
LIBERTY MUTUAL INSURANCE COMPANY                   :
METROPOLITAN GENERAL INSURANCE COMPANY             :
MMG INSURANCE COMPANY                              :
MOTORISTS MUTUAL INSURANCE COMPANY                 :
MUTUAL BENEFIT INSURANCE COMPANY                   :
NATIONAL GENERAL INSURANCE COMPANY                 :
NATIONWIDE GENERAL INSURANCE COMPANY               :
PENN NATIONAL SECURITY INSURANCE CO.               :
PROGRESSIVE CASUALTY INSURANCE COMPANY             :
SAFE AUTO INSURANCE COMPANY                        :
SAFECO INSURANCE COMPANY OF AMERICA                :
STATE AUTO MUTUAL INSURANCE COMPANY                :
STATE FARM MUTUAL AUTOMOBILE INSURANCE             :
COMPANY                                            :
TRAVELERS PROPERTY CASUALTY INSURANCE              :
COMPANY                                            :
USAA CASUALTY INSURANCE COMPANY                    :

          Defendants

## **COMPLAINT**

TO THE HONORABLE, THE JUDGES OF SAID COURT:

      AND NOW, to wit, comes the Plaintiff, PROFESSIONAL, INC. d/b/a PROFESSIONALS AUTO BODY (hereinafter "Professionals"), who by and through its counsel, FORR, STOKAN, HUFF, KORMANSKI & NAUGLE, ESQUIRE, does hereby file this COMPLAINT against the above named Defendants averring as follows:

1.

      Plaintiff, Professional, Inc., d/b/a Professionals Auto Body, is a corporation incorporated pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1109 Plank Road, Duncansville, Blair County, Pennsylvania.

2.

      Defendant, First Choice Auto Insurance Company, Inc. is an insurance company registered to do business with the Pennsylvania Insurance Department with a Pennsylvania address of 10591 Lincoln Highway, Everett, Pennsylvania 15537.

3.

      Defendant, 21st Century Insurance Company, is an insurance company registered with the Pennsylvania Insurance Department to do business within the State of Pennsylvania with a Pennsylvania address of 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.

4.

      Defendant, AAA Mid-Atlantic Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 391 West Lancaster Avenue, Haverford, Pennsylvania 19041.

CLERK OF COURTS
PROTHONOTARY
2011 AUG 23 P 2: 33
CAROL A. NEWMAN
BLAIR COUNTY, PA
FILED

5.

Acuity is a mutual insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the state of Pennsylvania with a corporate headquarters located at 2800 South Taylor Drive, Sheboygan, Wisconsin 53081.

6.

Agency Insurance Company of Maryland, Inc. is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 939 Elkridge Landing Road, Suite 200, Linthicum, Maryland 21090.

7.

AIG Property Casualty Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of Corporation Service Company 2595 Interstate Drive, Harrisburg, Pennsylvania 17110.

8.

Allstate Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 2775 Sanders Road, Northbrook, Illinois 60062-7127.

9.

Cincinnati Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 6200 South Gilmore Road, Fairfield, Ohio 45014-5141.

10.

Donegal Mutual Insurance Company is an insurance company registered to do business

with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 1195 River Road, Marietta, Pennsylvania 17547-0302.

11.

Encompass Home and Auto Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 2775 Sanders Road, Northbrook, Illinois 60062.

12.

Esurance Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 10 East Doty Street, Suite 621, Madison, Wisconsin 53703.

13.

Farmers Insurance Exchange is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 6301 Owensmouth Avenue, Woodland Hills, California 91367.

14.

GEICO Indemnity Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 5260 Western Avenue, Chevy Chase, Maryland 20076.

15.

Goodville Mutual Casualty Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 625 West Main Street, New Holland, Pennsylvania 17557.

16.

Harleysville Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 355 Maple Avenue, Harleysville, Pennsylvania 19438-2297.

17.

Hartford Casualty Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 501 Pennsylvania Parkway, Suite 400, Indianapolis, Indiana 46280-0014.

18.

Horace Mann Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 1 Horace Mann Plaza, Springfield, Illinois 62715-0001.

19.

Kemper Financial Indemnity Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 1 East Wacker Drive, Suite 3700, Chicago, Illinois 60601.

20.

Liberty Mutual Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 175 Berkeley Street, Boston, Massachusetts 02117.

21.

Metropolitan General Insurance Company is an insurance company registered to do

business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 700 Quaker Lane, Warwick, Rhode Island 02886.

22.

MMG Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 44 Maysville Street, Presque Isle, Maine 07469.

23.

Motorists Mutual Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 471 East Broad Street, Columbus, Ohio 43215.

24.

Mutual Benefit Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 409 Penn Street, Huntingdon, Pennsylvania 16665-20577.

25.

National General Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 5757 Phantom Drive, Suite 200, Hazelwood, Missouri 63042.

26.

Nationwide General Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 1 Nationwide Plaza, Columbus, Ohio 43216.

27.

Penn National Security Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 2 North Second Street, Penn National Insurance Company, Harrisburg, Pennsylvania 17105-2361.

28.

Progressive Casualty Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 6300 Wilson Mills Road, W33, Mayfield Village, Ohio 44143.

29.

Safe Auto Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 4 Easton Oval, Columbus, Ohio 43219-6010.

30.

Safeco Insurance Company of America is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 62 Maple Avenue, Keene, New Hampshire 03431.

31.

State Automobile Mutual Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 518 East Broad Street, Columbus, Ohio 43215-3976.

32.

State Farm Mutual Automobile Insurance Company is an insurance company

registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 1 State Farm Plaza, Bloomington, Illinois 61710.

33.

Travelers Property Casualty Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 1 Tower Square, Hartford, Connecticut 06183.

34.

USAA Casualty Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 9800 Fredericksburg Road, San Antonio, Texas 78288.

35.

Plaintiff, Professionals, is an automobile body repair shop with locations in the Duncansville and Altoona areas.

36.

All of the named defendants are insurance companies who are licensed to and do actually provide automobile insurance coverage for automobile owners in the Commonwealth of Pennsylvania.

37.

In the Commonwealth of Pennsylvania, the right of the owner of a damaged automobile to choose a repair shop is preserved by Pennsylvania law at 63 P.S. §861.

38.

At various times between August, 2013 up through the date of this filing, any individuals insured by the various defendants have brought their automobiles to the plaintiff's auto body repair shop for repairs that were to be covered pursuant to each insurance policy whether the

policy was by and between the owner of the automobile or a policy with the liable third party.

39.

The many automobile owners hereinafter referenced did select Professional to make repairs to their damaged automobiles and provided a written authorization to Professionals to perform those repairs reasonable and necessary for the vehicles to be brought back into their pre-loss condition.

40.

Each individual automobile owner did also execute an assignment of proceeds authorizing Professionals to recover any unpaid amount for services rendered and repairs made by plaintiff, Professionals, pursuant to their request and authorization of each automobile owner.

41.

The various defendants have failed to make payment to Professionals for services provided therefore have a collective sum due and owing to Professionals in the amount no less than $1,444,544.74, together with the delay time costs of $6,823,253.81, together with the administrative costs of $389,371.60 for a total amount of no less than $8,657,170.15.

42.

Despite numerous requests made by Professionals to each individual insurer, each Defendant has indicated that it will not be paying the full sum due and owing for parts, labor, repairs made and other services rendered by Professionals to each individual automobile owner.

43.

Due to the refusal of each individual Defendant to make payment of the full sum due and owing to Professionals for services provided relative to each automobile owner Professionals has been greatly damaged by the loss of income, need to utilize additional administrative resources to obtain any payment, delay in repair cycles and the provision of parts and services for which it was never properly compensated by the various insurers.

44.

Over a period of years, the various Defendants have engaged in intentional, ongoing and concerting courses of conduct in order to improperly and illegally control and depress the costs of automobile repairs, which has all been to the detriment of Plaintiff and the substantial benefit of Defendants.

45.

Plaintiff has been put in the untenable position of having to provide all necessary repair services in order to bring each damaged vehicle back to its pre-loss condition without ever receiving full reimbursement for the labor and costs involved in making those necessary repairs, which has resulted in Plaintiff regularly making repairs without compensation and to its own financial detriment.

46.

Attached to this Complaint as Exhibit "A" are documents relating to each individual automobile owner whose cost of repairs was not fully paid by each insurer as indicated and averred in the foregoing paragraphs.

47.

For example but not by way of limitation, automobile owner William Moyer brought his 2012 Nissan Armada to Professionals for repair services in February of 2017.

48.

William Moyer's vehicle was insured by First Choice Insurance.

49.

After an inspection of the damage to the vehicle, First Choice did elect for repairs to be performed rather than to replace the vehicle as a total loss.

50.

Professionals did utilize a licensed appraiser at its facility to review all damage, determine necessary repair procedures and prepare a repair estimate, which was then submitted to First Choice Insurance.

51.

Despite numerous requests and attempts to obtain full reimbursement for all parts and labor invested in repair of the vehicle pursuant to vehicle owner's authorization and election to repair made by the insurer Professionals remains unpaid for the full sum of parts, labor and other supplies invested in the repair in the amount of $2,105.68.

52.

William Moyer did sign an assignment of proceeds and authorization for repairs in order to permit and direct that Professionals would pursue this deficiency due and owing to it.

53.

William Moyer is just one example of such practices by the Defendants.   A complete list of the instances giving rise to this Complaint is attached as Exhibit A.

## COUNT I – QUANTUM MERUIT

54.

Plaintiff hereby incorporates by reference all of the foregoing paragraphs by reference as if again fully set forth.

55.

Plaintiff is in the business of repairing damaged automobiles to their pre-loss condition.

56.

Relative to each transaction attached hereto Plaintiff was contacted by the customer and then, pursuant to the customer's authorization, expended significant costs in the sense of labor and

materials to the benefit of each Defendant and each Defendant's claimant or insured.

57.

In each of the attached transactions, the Defendant is required by either contract or tort law to provide payment on behalf of each claimant for all repairs and services rendered.

58.

While the Plaintiff has provided full and complete information with regard to each necessary repair and transaction, each Defendant has repeatedly failed and/or refused to provide full payment for all of the services and materials rendered to each automobile owner.

59.

Each Defendant has failed and/or refused to fully reimburse Plaintiff for all of the costs involved with making repairs to each automobile for which each Defendant was required to make payment for such repairs.

60.

Each Defendant's refusal to fully reimburse Plaintiff for the repairs provided has unjustly enriched each Defendant and each transaction by the sum of the difference between what is due to Plaintiff and what Defendant independently determined and unilaterally determined it would.

61.

Defendants are aware that a significant benefit has been received by each of them from their refusal to pay the full amount for repair of each vehicle, and the bottom line of each Defendant has been increased by each refusal to pay the full sum due and owing for the proper repairs that were completed for each vehicle.

62.

As a result of the actions, failures and/or omissions of each Defendant, Plaintiff suffered additional damages in the form of delay time cost and administrative costs for each instance.

63.

Said delay time costs and administrative costs were part of and required in the reasonable and necessary repairs to each vehicle to restore the vehicle to its pre-loss condition and to the satisfaction of the owner of the vehicle.

64.

Defendants continue to retain all benefits despite objection of the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Honorable enter an Order requiring Defendants to make the Plaintiff whole for all labor and materials expended that have benefited Defendants which sum would be approximately $1,444,544.74, together with the delay time costs of $6,823,253.81, together with the administrative costs of $389,371.60 for a total amount of no less than $8,657,170.15, and to enter any further Order this Honorable Court may deem just and proper to compensate Plaintiff for benefits wrongfully retained by Defendants.

## COUNT II – UNJUST ENRICHMENT

65.

Plaintiff hereby incorporates all of the foregoing paragraphs by reference as if each paragraph was again fully set forth.

66.

The repairs made by Plaintiff to each vehicle have benefited each Defendant in that the repairs necessary for each vehicle to be put back to its pre-loss condition and to the satisfaction of the owner of the vehicle, which repairs each Defendant was responsible to pay for, has satisfied an obligation owing from each Defendant to either its own policy holder or to an individual who is damaged by one of its policy holders.

67.

The satisfaction of that repair obligation is a significant benefit conferred upon each Defendant, which benefit was provided by Plaintiff.

68.

While each repair was fully and completely made to a great benefit of each Defendant, each Defendant failed to pay the full cost necessary for the repairs as set forth in the attached Exhibits.

69.

Despite numerous requests being made by Plaintiff for full and complete payment of all repair costs, each Defendant has failed and/or refused to remit full reimbursement to Plaintiff for the necessary repairs to each vehicle.

70.

By accepting the full and complete repairs to each vehicle while refusing to make full payment for all costs of every necessary repair, each Defendant has received a significant benefit for which it has not paid but has rather retained sums of money properly due and owing to Plaintiff as consideration for the repairs performed.

71.

In each transaction, each Defendant has made a partial payment and thus only partially performed its duty to pay.

72.

As a result of the actions, failures and/or omissions of each Defendant, Plaintiff suffered additional damages in the form of delay time cost and administrative costs for each instance.

73.

Said delay time costs and administrative costs were part of and required in the reasonable and necessary repairs to each vehicle to restore the vehicle to its pre-loss condition and to

the satisfaction of the owner of the vehicle.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter an Order requiring Defendants to pay damages in the amount of $1,444,544.74, together with the delay time costs of $6,823,253.81, together with the administrative costs of $389,371.60 for a total amount of no less than $8,657,170.15, and to enter any other Order as may be deemed just and proper.

## COUNT III – BREACH OF CONTRACT

74.

Plaintiff hereby incorporates all of the foregoing paragraphs by reference as if each paragraph was again fully set forth.

75.

In each of the attached transactions, each Defendant has represented that it did have an obligation to pay and did partially perform its duty to make payment by making a partial payment relative to all repairs rendered.

76.

In each of the attached instances, each Defendant has failed/refused to pay the full amount due to Plaintiff as each amount due is what was required in order to fully and properly make the necessary and reasonable repairs to the vehicle.

77.

It is clear from each partial payment that each Defendant was in agreement that repairs had to be made to each vehicle and that it would be obligated to make payments for such repairs.

78.

Plaintiff is now seeking complete performance by each Defendant who has failed

and/or refused to make payment in full and by this action is seeking the deficiency owed relative to each individual transaction as attached hereto.

79.

Failure and/or refusal of each Defendant to pay the full and complete costs of repairs does constitute a breach of the agreement whereby Plaintiff completed repairs to each vehicle with the understanding that payment in full would be received.

80.

As a result of the actions, failures and/or omissions of each Defendant, Plaintiff suffered additional damages in the form of delay time cost and administrative costs for each instance.

81.

Said delay time costs and administrative costs were part of and required in the reasonable and necessary repairs to each vehicle to restore the vehicle to its pre-loss condition and to the satisfaction of the owner of the vehicle.

82.

By each Defendant's failure and/or refusal to make payment in full, Plaintiff has now been damaged in the sum of $1,444,544.74, together with the delay time costs of $6,823,253.81, together with the administrative costs of $389,371.60 for a total amount of no less than $8,657,170.15.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter an Order requiring Defendants to pay damages in the amount of $1,444,544.74, together with the delay time costs of $6,823,253.81, together with the administrative costs of $389,371.60 for a total amount of no less than $8,657,170.15 and to otherwise enter an Order providing for any and all such other relief that this Honorable Court may deem just and proper.

## COUNT IV – BAD FAITH

83.

Plaintiff hereby incorporates all of the foregoing paragraphs by reference as if each paragraph was again fully set forth.

84.

By failing and refusing to make full and proper payment for all necessary and proper repairs made to each vehicle in order to put the same into its pre-loss condition, each Defendant has violated the Pennsylvania Motor Vehicle Damage Appraisers Act and/or various regulations relating to the same.

85.

Each Defendant has failed to fully and properly evaluate each claim in order to make the full and proper payment due to Plaintiff for repairs made to each vehicle.

86

The failure and/or refusal of each Defendant to fully and properly inspect and make full and proper payment for the repairs necessary to each vehicle has caused continuous and ongoing damages relative to the proceeds of each policy due and owing to Plaintiff.

87.

The violation of those duties owed by each insurer relative to each claim whether by virtue of the policy/contract were pursuant to statutory obligation is a clear demonstration of bad faith pursuant to Pennsylvania law.

88.

Each Defendant is therefore liable for those bad faith remedies available to Plaintiff by virtue of 42 Pa. C.S.A. § 8371, including but not limited to attorney's fees and punitive damages.

89.

As a result of the actions, failures and/or omissions of each Defendant, Plaintiff suffered additional damages in the form of delay time cost and administrative costs for each instance.

90.

Said delay time costs and administrative costs were part of and required in the reasonable and necessary repairs to each vehicle to restore the vehicle to its pre-loss condition and to the satisfaction of the owner of the vehicle.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter an Order finding that each Defendant has acted in bad faith with regard to each of the attached transactions and order payment of all attorney's fees and punitive damages and any other such relief that this Honorable Court may deem just and proper.

## COUNT V – INTENTIONAL INTERFERENCE WITH BUSINESS

91.

Plaintiff hereby incorporates all the foregoing paragraphs by references as if each paragraph was again fully set forth.

91.

Plaintiff had a contract with each of the vehicle owners to repair each to satisfaction of the owner by putting the same into its pre-loss condition and to perform all reasonable and necessary repairs to the vehicle to accomplish that directive.

92.

Each Defendant purposefully and intentionally interfered with that contractual relationship by failing and/or refusing to pay for all reasonable and necessary repairs.

93.

Moreover, each Defendant attempted to direct Plaintiff to utilize inferior parts and/or to perform inferior service, which would have prevented Plaintiff from fully performing its duties under the attached contracts.

94.

Each Defendant lacked privilege or justification for such interference.

95.

Despite each Defendant's intentional interference, Plaintiff still completed the terms of its contract with each vehicle owner by performing all reasonable and necessary repairs to place the vehicles in their pre-loss condition.

96.

Plaintiff suffered harm in that it has not received full compensation from each Defendant for the reasonable and necessary repairs to each vehicle.

97.

Each Defendant's conduct has created delays in repair of each vehicle, resulting in Plaintiff's loss of business and incurrence of potential liability for the storage of each vehicle.

98.

Each Defendant's conduct was unreasonable, intentional, and malicious under the circumstances.

99.

As a result of the actions, failures and/or omissions of each Defendant, Plaintiff suffered additional damages in the form of delay time cost and administrative costs for each instance.

100.

Said delay time costs and administrative costs were part of and required in the

reasonable and necessary repairs to each vehicle to restore the vehicle to its pre-loss condition and to the satisfaction of the owner of the vehicle.

**WHEREFORE,** Plaintiff respectfully requests this Honorable enter an Order compensating Plaintiff for the loss from Defendants' interference in its business which sum would be approximately $$1,444,544.74, together with the delay time costs of $6,823,253.81, together with the administrative costs of $389,371.60 for a total amount of no less than $8,657,170.15, and to enter any further Order this Honorable Court may deem just and proper to compensate Plaintiff for intentional interference by Defendants.

And Plaintiff shall ever pray.

Respectfully Submitted,
Forr, Stokan, Huff, Kormanski & Naugle

By: _____
Traci L. Naugle, Esquire
Attorneys for Plaintiff
State I.D. #92819
1701 Fifth Avenue
Altoona, PA 16602
(814) 946-4316
(814) 946-9426 (fax)

## **VERIFICATION**

I, Ronald J. Perretta as President of Professional, Inc., verify that the statements in this Complaint are true and correct to the best of my knowledge and belief.  I understand that false statements made herein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Professional, Inc., d/b/a Professionals Auto Body

By: _____
Ronald J. Perretta, President

DATED:   8|23|17